OFFICE COPY



JUDGE CHIN

Karen H. Bromberg
kbromberg@cohengresser.com
Sandra C. McCallion
smccallion@cohengresser.com
Damir Cefo
dcefo@cohengresser.com
Matthew V. Povolny
mpovolny@cohengresser.com
COHEN & GRESSER LLP
100 Park Avenue, 23rd Floor
New York, New York 10017
Telephone:  (212) 957-7600
Facsimile:  (212) 957-4514
*Attorneys for Plaintiff*

10 CIV 2792

RECEIVED
MAR 29 2010
U.S.D.C.S.D.N.Y.
CASHIERS

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

—————————————————————— x

INTERACTIVE TELEVISION CO., LLC,

              Plaintiff,

      - against -

FOX ENTERTAINMENT GROUP, INC., FOX
SPORTS INTERACTIVE MEDIA, LLC, AND
OPEN SPORTS NETWORK, INC.

            Defendants.

—————————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:

**COMPLAINT FOR PATENT
INFRINGEMENT AND
DEMAND FOR JURY
TRIAL**

Civ. No. _____

     Plaintiff Interactive Television Co., LLC ("Interactive"), by way of this complaint against

Fox Entertainment Group, Inc., Fox Sports Interactive Media, LLC, and Open Sports Network

Inc. (collectively, "Defendants") hereby alleges as follows:

<u>**NATURE OF THE ACTION**</u>

    1.    This is a civil action for infringement of United States Patent No. 5,530,469 (the

"Patent") issued on June 25, 1996.  The claim arises under 35 U.S.C. § 100, *et seq*., and in

particular § 271.

2.      The Patent concerns an interactive system in which a user can interact with program material using a device such as a computer.

3.      Defendants own and operate, among other things, fantasy football games that infringe one or more claims of the Patent.

## PARTIES

4.      Interactive is organized and existing under the laws of the state of New York, and has a principal place of business at 133 East 62nd Street, New York, New York 10065.

5.      On information and belief, defendant Fox Entertainment Group, Inc. ("Fox Entertainment") is organized and existing under the laws of the state of Delaware.

6.      On information and belief, Fox Entertainment is registered as a foreign business corporation in the state of New York.

7.      On information and belief, Fox Entertainment has a place of business at 1211 Avenue of the Americas, New York, New York 10036.

8.      On information and belief, defendant Fox Sports Interactive Media, LLC ("Fox Interactive") is organized and existing under the laws of the state of Delaware.

9.      On information and belief, Fox Interactive has a place of business at 10201 West Pico Boulevard, Building 101, Los Angeles, California 90035 (Fox Entertainment and Fox Interactive collectively referred to herein as "Fox").

10.     On information and belief, defendant Open Sports Network, Inc. ("Open Sports") is organized and existing under the laws of the state of Florida.

11.     On information and belief, Open Sports has a principal place of business at 2200 South West 10th Street, Deerfield Beach, Florida 33442.

## JURISDICTION AND VENUE

12.    This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

13.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

14.    This Court has personal jurisdiction over all Defendants.  On information and belief, Fox Entertainment is registered as a foreign business corporation in the state of New York and has a place of business within this judicial district.  Further, each Defendant regularly conducts and solicits business in New York and derives substantial revenue from goods used or services rendered in New York and in this judicial district.

## RELEVANT FACTS

### *The Patent*

15.    After a full and fair examination by the United States Patent and Trademark Office, the Patent entitled INTERACTIVE TELEVISION WITH CORRELATION OF VIEWERS INPUT AND RESULTS MADE AVAILABLE TO EACH VIEWER issued to Norton Garfinkle on June 25, 1996.  A copy of the Patent is attached as Exhibit A.

16.    Interactive is the assignee of all rights, title, and interest in and to the Patent and possesses all rights of recovery under the Patent.

### *The Infringing Products*

#### *Fox Fantasy Football Commissioner*

17.    Defendants make, use, offer to sell, and sell, among other things, a fantasy football game called Fox Fantasy Football Commissioner ("Fantasy Commissioner").

18.    Fantasy Commissioner permits users to interact with program material concerning sports through the use of computer, telephone, and/or other devices.  As such, it has infringed and continues to infringe the Patent.

3

19.     Fox Entertainment owns the Fox Sports web site www.foxsports.com and other related websites that offer Fantasy Commissioner.

20.     Fox Interactive operates the Fox Sports website www.foxsports.com and other related websites that offer Fantasy Commissioner.

21.     Specifically, Fox offers to the public, and to New York residents within this judicial district, Fantasy Commissioner through its website, http://fantasy.foxsports.com/fantasy/football.

22.     At its website, http://fantasy.foxsports.com/fantasy/football/comissioner, Fox identifies Fantasy Commissioner as "powered by Open Sports."

23.     At its website, http://www.opensports.com, Open Sports states that it is "An official partner of foxsports.com."

*Fox Fantasy Live*

24.     On information and belief, Defendants currently or in the near future intend to make, use, offer to sell, and sell, among other things, a fantasy football game called Fox Fantasy Live ("Fantasy Live") (collectively, Fantasy Commissioner and Fantasy Live, the "Infringing Products") that infringes or will infringe the Patent.

25.     According to OpenSports, Fantasy Live has been "created by a collaborative team of over 40 product professionals, including designers, engineers and product managers from Open Sports and FOXSports.com located in California and Florida."

26.     In OpenSport's July 14, 2009 press release, Fantasy Live is described as "the most unique game on the fantasy sports landscape and is completely unlike anything offered today.  It is the super-fast version of the FOX Fantasy Football commissioner game in which

players are challenged to create a roster, add and drop players and run a team as the games are played on Sunday with unlimited real-time substitutions."

27.    On information and belief, like Fantasy Commissioner, Fantasy Live currently permits or will permit users, including New York residents within this judicial district, to interact with program material concerning sports through the use of computer, telephone, and/or other devices. As such, it has infringed and/or will infringe the Patent.

28.    On information and belief, Fantasy Live is played or will be played on Fox's website.

29.    Each of Defendants expects or should reasonably expect its infringement of the Patent to have consequences in the state of New York.

30.    Defendants' infringement of the Patent has caused and will cause injury to Interactive.

## CLAIMS FOR RELIEF

### First Count of Infringement Against Fox

31.    Interactive repeats and re-alleges paragraphs 1-30 as if fully set forth herein.

32.    Fox, through at least the Infringing Products, infringed, infringe, or will infringe literally or under the doctrine of equivalents one or more claims of the Patent through one or more of the following acts:  making, using, offering to sell, and selling in the United States the invention of one or more claims of the Patent.

33.    As a direct and proximate result of Fox's acts of infringement, Interactive has been, is being, and will be damaged.  Consequently, Interactive is entitled to compensation for its damages from Fox pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified, but will be ascertained at trial.

### Second Count of Infringement Against Open Sports

34.    Interactive repeats and re-alleges paragraphs 1-30 as if fully set forth herein.

35.    Open Sports, through at least the Infringing Products, has infringed, infringes, or will infringe literally or under the doctrine of equivalents one or more claims of the Patent through one or more of the following acts: making, using, offering to sell, and selling in the United States the invention of one or more claims of the Patent.

36.    As a direct and proximate result of Open Sports' acts of infringement, Interactive has been, is being, and will be damaged. Consequently, Interactive is entitled to compensation for its damages from Open Sports pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified, but will be ascertained at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

(i)    A judgment declaring that the Patent was duly and legally issued, is valid, and is enforceable;

(ii)    A judgment declaring that each of the Defendants has infringed the Patent as alleged herein;

(iii)    A judgment and order awarding Interactive damages under 35 U.S.C. §284;

(iv)    A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(v)    A judgment and order awarding Interactive pre-judgment and post-judgment interest on the damages awarded; and

(vi)    Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Interactive hereby demands a jury trial as to all triable issues.


Dated:  March 29, 2010

Respectfully submitted

Karen H. Bromberg
kbromberg@cohengresser.com
Sandra C. McCallion
smccallion@cohengresser.com
Damir Cefo
dcefo@cohengresser.com
Matthew V. Povolny
mpovolny@cohengresser.com
**COHEN & GRESSER LLP**
100 Park Avenue, 23rd Floor
New York, New York 10017
Telephone:  (212) 957-7600
Facsimile:  (212) 957-4514
*Attorneys for Plaintiff Interactive Television Co.,*
*LLC*